UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE NATIONAL PRESCRIPTION OPIATE LITIGATION | MDL 2804 |
| *This document relates to:* *Allamakee County v Purdue Pharma, et al;* *Case No. 1:18-op-45983-DAP* | Case No. 17-md-2804 Hon. Dan Aaron Polster |
| *Track 24* | |
| ALLAMAKEE COUNTY, IOWA, | |
| *Plaintiff*, v. | |
| HY-VEE, INC; AMBER ENTERPRISES, INC. D/B/A AMBER SPECIALTY PHARMACY; HYVACS, LLC D/B/A HY-VEE PHARMACY SOLUTIONS; REDBOX RX, LLC, AND VIVID CLEAR RX, INC., | |
| *Defendants*. | |

**MOTION FOR LEAVE TO AMEND AND SUPPLEMENT THE COMPLAINT OF HY-VEE BELLWETHER PLAINTIFF ALLAMAKEE COUNTY, IOWA**

The Plaintiffs' Executive Committee, together with Plaintiff Allamakee County, Iowa ("Plaintiff"), file this motion under Fed. R. Civ. P. 15 for leave to amend Plaintiff's complaint in the above-entitles action labeled Track 25 selected by the defendants as a bellwether against Hy-Vee, Inc., Amber Enterprises, Inc. d/b/a Amber Specialty Pharmacy, HYVACS, LLC d/b/a Hy-Vee Pharmacy Solutions, Redbox RX, LLC and Vivid Clear RX, Inc (together, "Hy-Vee"). The Proposed Amended Complaint is attached hereto as Exhibit 1 (the "Proposed Pleading")[1]

---

[1] As plaintiffs in previous bellwether tracks have done, Plaintiff Allamakee proposes to supplement and amend its existing complaint, rather than file a superseding amended complaint. The Proposed Pleading thus expressly adopts and incorporates by reference the allegations in the existing operative pleading.

## INTRODUCTION

It is well-established under the Court's Case Management Orders that a plaintiff may "amend its complaint if and when its case is selected as a bellwether." *E.g.*, Doc. #5319 (Feb. 20, 2024) (order granting motion for leave to amend other bellwether complaints to add same allegations, claims, and defendants proposed here); *see also* CMO 1, Doc. #232 (April 11, 2018); Doc. #371 (May 3, 2018) (order clarifying CMO 1); Order Regarding Meijer's Motion to Strike, No. 18-op-46326, Doc. #61. The Sixth Circuit upheld this rule permitting amendment upon bellwether designation, explaining that this Court's orders "explicitly provided permission for plaintiffs to amend their complaint if their case was selected as a bellwether." *In re Nat'l Prescription Opiate Litig.,* No. 21-4051, 2022 WL 20701236 at *1 (6th Cir. 2022). Thereafter, this Court limited the amendments that would be permitted under the CMO, making clear that bellwether plaintiffs may amend to add allegations, claims, and additional members of an already-named defendant family. *See* Doc. #5656 (Sept. 26, 2024) at 2-3 (stating that further amendments to add new defendants would not be permitted); Doc. #6026 (March 17, 2025) (permitting City of Ogdensburg, as a bellwether plaintiff, to add members of already-named defendant family); *see also* Doc. #5319 at 1 (noting that if plaintiff were ever selected as a bellwether, it would then be permitted to "add various allegations, claims, *and related PBM family defendants*") (emphasis added).

The Proposed Pleading fully comports with the Court's orders. It adds no new defendant families. Rather, it adds allegations against Hy-Vee based on information developed during the years Plaintiff's case was stayed, and seeks also to name additional Hy-Vee corporate affiliates and subsidiaries that Plaintiff believes are linked to the misconduct alleged in the Complaint. Specifically, these family entities Plaintiff seeks to add are: Amber Enterprises, Inc. d/b/a Amber Specialty Pharmacy, HYVACS, LLC d/b/a Hy-Vee Pharmacy Solutions, Redbox RX, LLC and Vivid Clear RX,

Inc. For this reason, this motion stands in exactly the same posture as the motions for leave to amend that were granted in Tracks 12 (Doc. #5319) and 22 (Doc. #6026): a newly-selected bellwether seeks to allegations, claims, and members of an existing defendant family. For this reason, and as more fully discussed below, Plaintiff's motion to amend its Complaint should be granted in its entirety.

## BACKGROUND

Plaintiff Allamakee County, Iowa, filed its initial Complaint on August 17, 2018, and then filed a Short Form Amended Complaint on March 15, 2019, bringing the total number of defendants to more than 50 defendants. These defendants included Hy-Vee, Inc., a midwestern supermarket chain which also distributes and dispenses controlled substances. The case was transferred to this Court, as member Case No. 1:19-op-45983-DAP. Plaintiff's original Complaint, incorporating the short form complaint, serves as the current operative pleading, and includes defendants from three of the main categories identified in this litigation—manufacturers, distributors, chain pharmacies. Since these cases were first filed, however, nearly all of the other defendants named in Plaintiff's Complaint have either entered into global settlements or filed for bankruptcy.

The original and Short Form Complaints necessarily addressed the roles of all of these actors, and the allegations accounted for the bulk of the Complaint, with relatively small sections devoted to allegations specific to Hy-Vee. The Proposed Pleading now focuses more specifically on the role of Hy-Vee, Inc. and its subsidiaries, adding detailed and extensive allegations about their role in creating the opioid epidemic. Much of this information was not available at the time the original Allamakee Complaint was filed. The Proposed Pleadings include state-law nuisance claims and other related state-law claims.

From other bellwether plaintiffs' prior motions for leave to amend, and from overseeing the litigation of the other bellwether tracks to date, this Court is well familiar with the central role

3

distributors and pharmacies play in prescription drug distribution and dispensing in the U.S. *See, e.g.*, *In re Nat'l Prescription Opiate Litig.*, 2019 WL 3917575, at *4-10 (N.D. Ohio Aug. 19, 2019); *City & County of San Francisco v. Purdue Pharma L.P.*, 620 F. Supp. 3d 936, 951-52 (N.D. Cal. 2022);.  In sum, the Proposed Pleading alleges that the Hy-Vee:

- Despite knowing of the risks to Iowa and Allamakee County, Hy-Vee Defendants deliberately disregarded its duties to maintain effective controls against diversion of prescription opioids.

- Hy-Vee Defendants are mandated to comply with the Controlled Substances Act and with Iowa law, which impose upon them not only a duty to maintain effective controls to prevent diversion, but also a corresponding responsibility to fill only legitimate prescriptions.

- Hy-Vee Defendants worked with industry members to increase the profits and lobbied against restrictions on opioid use and DEA enforcement.

- Hy-Vee Defendants failed to guard against diversion in distributing and dispensing in Allamakee County.

As discussed below, and consistent with the Court's orders with respect to other bellwether Plaintiffs, Plaintiff should be given leave to file their Proposed Pleading to address all of this conduct.

## ARGUMENT

### I. Plaintiff Readily Meets the Standard for Amendment under Rule 15

Fed. R. Civ. P. 15 provides that courts "should freely give leave when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970 (6th Cir. 1973) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also* 6 Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. § 1484 (3d ed. 2015) (Leave to amend "will normally be granted" as long as, on "examin[ation of]

4

the effect and the timing of the proposed amendments," the court finds no "prejudice [to] the rights of any of the other parties to the suit.").

None of the concerns expressed in these authorities are present here. Plaintiff's case, along with every other case not previously designated as a bellwether, was stayed during the course of this MDL while the Court oversaw a series of bellwether case tracks involving various other defendants. Now that Hy-Vee has been selected as a bellwether defendant and Plaintiff has been selected as a bellwether plaintiff, consistent with CMO 1 (as clarified) and the prior procedure employed by this Court in other bellwether cases, Plaintiff should be given leave to amend and supplement its complaint to focus more specifically on the claims against Hy-Vee that will be tried in these cases. Defendants are not prejudiced by the assertion of any claims in the Proposed Pleading.

Further, it has always been clear that such amendments would, of necessity, reflect the greater amount of information available to each Plaintiff at the time of amendment, as compared to when each Plaintiff filed its original pleading. Indeed, in order for this case to serve its function as a bellwether, the claims asserted should reflect the widest array of claims and conduct that may be asserted against this defendant family, to provide the greatest information for the parties and the Court about the remainder of the cases against Hy-Vee.

## II.     The Track 25 Proposed Pleading Properly Includes All Hy-Vee Family Entities

Plaintiff's original 2021 complaint alleged claims against Hy-Vee, Inc. To serve as a proper representative bellwether case against all Hy-Vee entities, it is important that all of the appropriate Hy-Vee family entities be included. *See* Manual for Complex Litigation, Fourth, § 22.315 ("If individual trials, sometimes referred to as bellwether trials or test cases, are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases."). If some Hy-Vee family entities were excluded from Track

5

25, such exclusion would render Track 25 an incomplete and unrepresentative bellwether case. As this Court stated when granting the motion for leave to amend Rochester's complaint in Track 12, "the PBM subsidiary entities are functional parts of the PBMs' broader umbrella of operations," and thus play an important role in the PBM bellwether litigation.

The inclusion of complete Hy-Vee Defendant families in Track 25 is fair and appropriate given this Court's orders throughout this MDL. For most of the MDL's pendency, Plaintiff Allamakee's case, like other non-bellwether cases, was stayed, and the Court enforced a moratorium on substantive filings in such cases, including motions for leave to amend complaints. While that moratorium was still in place, the Court established four PBM bellwether tracks, and on February 20, 2024, granted the motion for leave to amend the complaints in those cases to add "allegations, claims, and related family defendants". Doc. #5319 at 1. The Court reaffirmed that a plaintiff may "amend its complaint if and when its case is selected as a bellwether," as confirmed by the "history of this MDL" and as "endorsed" by the Sixth Circuit in *Meijer*. *Id.* at 1-2 (citing, *inter alia*, CMO 1).

The Court lifted its moratorium on May 23, 2024, allowing all MDL plaintiffs the opportunity to move for leave to amend their complaints. Doc. #5455. On July 29, 2024, the PEC filed consolidated motions seeking leave for plaintiffs to amend to add claims against a number of other Defendants. *See, e.g.*, Docs. #5547, 5567, 5572. Because Allamakee had already sued Hy-Vee, Inc. and expected it would have leave to amend if ever designated as a bellwether, it had no reason to believe it needed to join these consolidated motions for leave to amend its complaint to add these specific defendant entities. Allamakee reasonably believed it would be entitled to amend its complaint to add both allegations and individual defendants if and when it became a bellwether, in reliance on CMO 1, the Sixth Circuit's *Meijer* opinion, and this Court's order granting the four PBM bellwether plaintiffs' motion for leave to amend. And indeed, in ruling on the City of

Ogdensburg's motion for leave to amend following its selection as a bellwether, this Court re-affirmed that plaintiffs may still add new members of the existing defendant family at the time they are selected as bellwethers.

### III. A Bellwether Trial of the Claims in the Proposed Pleading Will Not Be Unworkable or Unmanageable

Any trial of Plaintiff's claims against Defendants in the Proposed Pleading will be manageable for the reasons this Court explained when granting the motion for leave to amend the complaint in Track 12. *See* Doc. #5319 at 3-5. "Despite the inherent complexity of these cases, the Court has always managed successfully to tailor representative, meaningful, and triable bellwether cases using its severance authority under the Federal Rules." *Id.* at 3-4. "Accordingly, regardless of which allegations, claims, or defendants the Bellwether Plaintiffs seek to add . . . this Court can still create a manageable, workable trial." *Id.* at 4-5. (providing further argument that PBM bellwether trials will be workable with amendments adding the claims proposed here).

#### CONCLUSION

For these reasons, the PEC and Plaintiff Allamakee County respectfully request that the Court grant leave for Plaintiff to file the Proposed Pleading.

Dated: September 15, 2025

Respectfully submitted,

Jayne Conroy
Thomas I. Sheridan, III
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor New York, NY 10016
(212) 784-6400
jconroy@simmonsfirm.com
tsheridan@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE
28 Bridgeside Blvd.

7

Mt. Pleasant, SC 29464
(843) 216-9000

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
270 Munoz Rivera Ave., Suite 201
San Juan, PR 00918
(304) 654-8281
paul@farrellfuller.com

*/s/ Peter Weinberger*
Peter Weinberger
SPANGENBERG SHIBLEY & LIBER, LLP
1001 Lakeside Avenue, E, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF system.

                                             */s/ Peter Weinberger*
                                              Peter Weinberger