**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) ) ) | **MDL 2804** |
| THIS DOCUMENT RELATES TO: ) ) | **Case No. 1:17-md-2804** |
| *Allamakee County, Iowa v. Purdue Pharma, et al.*, No: 1:18-OP-45983 (Track 24), and ) ) ) ) | **Judge Dan Aaron Polster** |
| ) ) | **CASE MANAGEMENT ORDER FOR HY-VEE BELLWETHER TRACKS** |
| *Emmet County, Iowa v. Purdue Pharma L.P., et al.*, No: 4:21-OP-45051 (Track 25) ) ) ) ) | |

On May 28, 2025, the Court entered an Order setting forth the process through which Defendant Hy-Vee, Inc. ("Hy-Vee" or "Defendant") and the Plaintiffs' Executive Committee ("PEC") would select two bellwether cases involving Hy-Vee. *See* Minute Order dated May 28, 2025. Pursuant to that order, on June 11 2025, Hy-Vee filed its **Bellwether Submission of Defendant Hy-Vee,** which identified the following two cases for bellwether selection: (1) *Allamakee County, Iowa v. Purdue Pharma, et al.*, Case No: 1:18-op-45983, and (2) Winneshiek County, Iowa in the case of *Adair County, Iowa, et al. v. Purdue Pharma, et al.,* Case No: 1:18-op-45122. *See* Doc. 6178.

Also on June 11, 2025, the PEC filed its **Plaintiffs' Bellwether Selection Submission Regarding Hy-Vee,** which identified the following two cases for its bellwether selections: (1) *Emmet County, Iowa v. Purdue Pharma L.P., et al.*, Case No: 4:21-op-45051, and (2) *Muscatine County, Iowa v. Purdue Pharma, L.P, et al.*, Case No: 4:21-op-00095.  *See* Doc. 6179.

-

The Court also ordered the parties to file a document to strike one of the other side's bellwether selections. On June 18, 2025, Hy-Vee filed its **Bellwether Strike Submission of Hy-Vee, Inc.**, striking *Muscatine County, Iowa v. Purdue Pharma, L.P, et al.*, Case No: 4:21-op-00095. *See* Doc. 6189. The PEC filed its **Plaintiffs' Response to Bellwether Selection Process Regarding Hy-Vee** striking Winneshiek County, Iowa in the case of *Adair County, Iowa, et al. v. Purdue Pharma, et al.,* Case No: 1:18-op-45122. *See* Doc. 6193.

To facilitate administration of these matters, and in keeping with prior practices in the MDL, the Court hereby designates the *Allamakee County, Iowa v. Purdue Pharma, et al.*, Case No: 1:18-op-45983 (N.D Iowa, Eastern Division; 8th Cir) as Track 24, and the *Emmet County, Iowa v. Purdue Pharma L.P., et al.*, Case No: 4:21-op-45051 (N.D. Iowa, Central Division; 8th Cir.) as Track 25 (collectively, the "Hy-Vee Bellwether Cases"); Emmet and Allamakee counties shall be collectively referred to as "Plaintiffs").

In its May 28, 2025, Order, the Court directed the Parties to meet and confer regarding a proposed case management schedule for the Hy-Vee Bellwether Cases. *See* Minute Order dated May 28, 2025. The Court has reviewed the Parties' submission(s) and hereby orders as follows:[1]

A. **Previous Discovery:**

All discovery produced by any entity in this MDL, or pursuant to Discovery Ruling No. 22 (docket no. 2576) (DR 22), or produced in the Purdue Bankruptcy, *In re: Purdue Pharma L.P., et al.,* No. 19-23649(SHL) (S.D.N.Y. Bk.), shall be deemed produced in the Hy-Vee Bellwether cases.

As a general principle, discovery that Plaintiffs may seek in these Hy-Vee Bellwether cases

---

[1] The Court recognizes that the Plaintiff and Hy-Vee has not been subject to discovery in this MDL and have not previously participated in fact or expert discovery and that those Parties, and any other party, may seek to modify any provision of this CMO for good cause shown.

shall not be limited by discovery conducted in any other action. However, Plaintiffs shall, as always, make best efforts to avoid duplicative discovery whether taken in state or federal court. To promote efficiency, and consistent with the directives of the Court and the Special Master, the Parties will meet and confer regarding how to ensure their discovery requests issued in the Hy-Vee Bellwether Cases are specific to this case and non-duplicative of the discovery productions or responses already served by any MDL case track, while ensuring that the record is clear as to what discovery is at issue in the Hy-Vee Bellwether Cases, without requiring the Parties to reissue discovery unnecessarily.

The Parties shall not be limited or prejudiced by their lack of participation in prior third-party discovery.

B. **Motion for Leave to File Amended Complaints:**

Plaintiffs who wish to amend their complaints must file and serve their amended complaints within 45 days of entry of this Order. If Hy-Vee chooses to move to strike an amended complaint, they must do so pursuant to the timeline for motions to dismiss outlined below. The briefing schedule for opposition briefs and reply briefs on motions to strike an amended complaint is the same as the briefing schedule for motions to dismiss below. The parties can and should begin propounding basic discovery.

C. **Motions to Dismiss[2]:**

1. Motions to Dismiss shall be filed pursuant to the following schedule:

    (i) Motion – 30 days after ruling on motion for leave to amend.

    (ii) Response – 60 days after motion to dismiss is served.

---

[2] When preparing pleadings, dispositive motions, motions to dismiss, pretrial motions, and other submissions, the parties should be mindful that the Court intends to adhere to all rulings made in prior MDL Tracks absent a showing as to why the prior rulings should not apply. *See In re: Prescription Opioid Lit.,* Case No. 1:17-md-02804-DAP, Doc Nos. 4978 (N.D. Oh. Mar. 30, 2023).

        (iii)    Reply – 30 days after response is served.

2. The Court intends to adhere to all formal rulings made in the prior MDL tracks. If a similar issue arises, the Parties shall not simply reassert the same arguments made by prior parties in this MDL. Instead, the parties shall file a simple statement that they adopt those arguments to preserve the record for appeal. If the parties have *new* arguments that are meaningfully different from those raised earlier and resolved in prior Court rulings, they may make them.

3. Page limits for 12(b)(6) motions to dismiss:

        (i)    Hy-Vee defendant may file a memorandum of up to 30 pages in support of their motions to dismiss across both Track 24 and Track 25 cases. Plaintiffs may file a joint response totaling up to **30 pages**. Hy-Vee defendant may file a joint reply of up to **15 pages.** The Parties may use the pages above as they see fit, though opposition briefs shall not exceed the total number of pages permitted in opening briefs.

4. Motions to dismiss on jurisdictional and venue grounds:

Hy-Vee may also file any motions to dismiss the Complaints in the Hy-Vee Bellwether Cases on jurisdictional grounds according to the schedule referred to above in Section C1. Plaintiffs shall have 60 days to file their oppositions. Hy-Vee shall have 30 days to file their replies. To the extent these motions to dismiss involve multiple individual defendant entities, the parties are instructed to combine their motions and arguments to avoid duplicative briefing. Hy-Vee may file a memorandum of up to **30 pages.** Plaintiff may file response briefs collectively totaling up to **30 pages**. Hy-Vee may file a reply of up to **15 pages.** Hy-Vee shall avoid raising duplicative arguments previously addressed by the Court in prior case tracks.

-

5. Jurisdictional Discovery:

Following the filing of any jurisdictional motions to dismiss, the Parties shall meet and confer promptly to discuss whether jurisdictional discovery is necessary, incorporating the reasoning set out in the Court's Order at docket no. 3180. The Parties will raise any disputes about the necessity or scope of jurisdictional discovery with Special Master Cohen within 2 weeks of the afore mentioned meet and confer. If jurisdictional discovery is deemed appropriate, oppositions will be due within 30 days after said discovery is complete. Replies will follow within 14 days thereafter. The parties shall use the Court's February 24, 2020 Order Regarding Jurisdictional Discovery of Rite Aid (Docket no. 3180) to guide their discussions. Normal fact discovery will continue during the pendency of any motions to dismiss. The parties will bring any disputes on this issue to Special Master Cohen as soon as possible.

D. **Answers to Amended Complaints:**

Hy-Vee shall file their answers to any claims that survive defendant's motions to dismiss within **30** days of the date the Court issues its ruling on the motions to dismiss. Hy-Vee shall file any third-party complaints within fourteen days after service of their answers. To the extent Hy-Vee seeks to assert Third-Party Complaints against Doe doctors, as was done in *Track 3*, Plaintiffs may file *pro forma* motions to strike incorporating the *Track 3* motion to strike (*see* Doc. No. 3542) and identifying the briefing in support and in opposition as well as the Court's ruling by docket number and date.

E. **Dispensing Data:**

Within **90 days** of the entry of this Order, Hy-Vee shall produce to Plaintiffs state-wide transactional dispensing data for all stores located within the state of Iowa, consistent with the

-

Court's prior orders in the Pharmacy Tracks. *See* Special Master's Discovery Ruling Regarding Pharmacy Data Production for Track One-B Cases, dated January 27, 2020 (Doc. No. 3106).[3] Within **30 days** of the entry of this Order Hy-Vee shall provide to Plaintiffs a list of data fields included in their dispensing data, along with data dictionaries or other available descriptions of each field. The parties shall meet and confer regarding the data fields to be produced. The parties shall collaborate with Special Master Cohen to address any disagreements. Any motions regarding the production of particular data fields shall be submitted to Special Master Cohen no later than **45 days** after the entry of this Order.

No later than **30 days after the entry of this Order** the Parties shall meet and confer regarding Hy-Vee's production of due diligence information including notes field data, checklists, and documents as described in Special Master Cohen's ruling concerning notes field information in Track 3 specific to the Bellwether jurisdictions.

F. **Fact Discovery**

1. Parties may serve discovery at any time after the entry of this CMO. Discovery shall proceed while motions to dismiss are pending. Plaintiff may serve up to **45 requests for production** and up to **45 interrogatories** on Hy-Vee. Hy-Vee may serve up to **35 Requests for Production** and up to **35 Interrogatories** on each Plaintiff in the Hy-Vee Bellwether Cases. The Parties may seek to propound additional requests for production and interrogatories after the Court rules on the plaintiffs' motion for leave to amend their complaints. Non-custodial document production must commence following service of the parties' discovery requests and must continue on a rolling basis. The parties shall meet and confer regarding the

---

[3] See also the applicable Case Management Orders for Case Tracks 3, 7, 8, 9, 10, 11, and 12-22.

-

priority of production of non-custodial files.

2. **October 17, 2025:** Parties shall identify their proposed document custodians, including titles and periods of employment in their relevant position, and shall exchange proposed search terms. Disputes regarding search terms and custodians shall be submitted to Special Master Cohen as soon as reasonably possible and no later than two weeks from disclosure of document custodians.[4]

3. **December 3, 2025:** Custodial document production must commence and must continue on a rolling basis. The parties shall meet and confer regarding the priority of production of custodian files.

4. **November 25, 2025**:   Excluding the production of the aforementioned dispensing data, data production by all parties shall be complete. Data production leading up to this deadline should occur on a rolling basis.

5. **Four Weeks** from the Completion of Defendants' Production of Data referenced in Section E above,  Plaintiffs shall identify for Hy-Vee (i) the prescriptions they (and their experts) conclude caused them harm for which they seek relief; (ii) the methodology or methodologies they (and their experts) used to reach such a conclusion; and (iii) the electronic scripts or analytical programs used by Plaintiffs and/or their experts to implement that methodology.[5]

6. **Seven Weeks** from Plaintiffs' identification of the prescriptions referenced in F.5, Hy-Vee shall produce "notes fields" data as defined in this Court's May 10, 2021

---

[4] The parties may submit additional disputes regarding custodians to Special Master Cohen in the event that disputes arise regarding requests to add custodians identified through subsequent discovery. Plaintiffs' ability to select geographic specific custodians such as pharmacists and their pertinent supervisors will largely be dependent on Defendant's timely production of state-wide dispensing data.

[5] To the extent that Defendant's completion of production of dispensing data results in this deadline falling on or following a major holiday the Parties will meet and confer to find a suitable replacement deadline.

Amended Order Regarding Red Flag Prescriptions and Associated Notes Field Data. *See* docket no. 3726 at 2 n.1 ("'notes fields' [means] 'any information that is associated with the particular [red flagged prescriptions], including transactional prescription data fields, hard- copy scans of the front or back of paper [prescriptions], and anything else that a Defendant asserts was a part of its documentation of due diligence for [red-flagged prescriptions].'"). The parties shall raise any disputes regarding notes fields with Special Master Cohen as soon as reasonably possible.

7. **April 3, 2026**: Deadline for Parties to substantially complete production of custodial documents and to complete production of non-custodial documents

8. **May 8, 2026**: Deadline for Parties to complete production of custodial documents.

9. **June 26, 2026**: Close of fact discovery.[6]

   G. **Depositions:**

1. Track 24 and Track 25 Plaintiffs may collectively take up to **45 fact depositions** of Hy-Vee defendant. Defendants may depose up to **20 fact witnesses** for each of the two Plaintiffs. The parties will make best efforts to avoid the duplication of prior testimony wherever possible. The Court will consider motions for leave to take additional depositions for good cause.

2. Depositions of fact witnesses shall be limited to **7 hours** each.

3. In addition to the fact witnesses above, Plaintiffs may conduct **21 hours** of 30(b)(6) witness depositions of Hy-Vee, including a 30(b)(6) on data and documents. Hy-

---

[6] It is the intent of the Court that the parties have the opportunity to depose all trial witnesses. Notwithstanding the close of fact discovery, if a party lists a witness for trial in its Rule 26(a)(3) disclosures who has not been deposed prior to trial, any opposing party shall be afforded the right to depose the witness prior to the witness's trial testimony.

-

    Vee may take **14 hours** of 30(b)(6) witness depositions of each Plaintiff, which may include one 30(b)(6) witness from each Plaintiff regarding data or document production, and one 30(b)(6) witness from each Plaintiff regarding substantive topics. As occurred in Track 3, the Parties shall meet and confer and seek to identify topics where the 30(b)(6) deponent will not be questioned and instead will provide written responses. To the extent a Plaintiff notices a 30(b)(6) deposition of a Hy-Vee witness, Plaintiff and Defendant may confer and agree to a written response.

4. The parties will make a good faith effort to limit their deposition questions of all witnesses, including experts who have previously been deposed in the opioid litigation to matters that were not inquired into or adequately addressed in the witness's prior depositions.

5. The Court will not limit the number of third-party depositions the parties may take at this time. This does not prohibit the parties from coming to agreement on a limit, or the Court from later imposing a limit.

6. The Deposition Protocol Order (Doc No. 643) and Revised Remote Deposition Protocol (Doc. No. 3589) continue to apply, except as modified by this Order. The noticing party shall have the right to determine if it will take any deposition it notices in person or remotely. Such determination shall not impact whether the defending party defends the deposition in person or remotely.

7. The Parties may seek leave to depose additional fact witnesses upon good cause shown.

-

    **H.**    **Expert Discovery Deadlines:**

1. **August 28, 2026** – Plaintiffs shall serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates between **September 18, 2026- October 9, 2026**.

2. **October 30, 2026** – Defendant shall serve expert reports on all issues except abatement and other remedies and, for each expert, provide two proposed deposition dates between **January 8, 2027 – January 29, 2027**.

3. Expert reports rebutting responsive reports shall be served 21 days after the deposition of the responsive expert. **Any materials relied upon by the rebutting expert shall be produced within 7 days of service the rebuttal reports.** The parties shall meet and confer and come to agreement on whether rebuttal expert depositions will be required and if so when they will occur.

    **I.**    ***Daubert* and Dispositive Motions:**

1. **October 16, 2026 –** The Parties shall meet and confer on page limits for *Daubert* and dispositive motions, and mechanisms to avoid unnecessarily lengthy or duplicative briefing. If the parties do not reach full agreement, they will submit their positions to the Court by this deadline.

2. **February 26, 2027:** Deadline for *Daubert* and dispositive motions.

3. **April 27, 2027:** Deadline for responses to *Daubert* and dispositive motions.

4. **May 27, 2027**: Deadline for replies in support of *Daubert* and dispositive motions.

    **J.**    **Motions *in limine*:**

This Court does not intend to rule on motions *in limine* prior to remand. However, this Court will provide prior evidentiary rulings to the transferee court for that court's adoption or

-

rejection as it deems appropriate. This Court may make certain evidentiary rulings while addressing other pretrial motions that could control or impact subsequent motions *in limine*.

**K.     Filings Under Seal:**

For any filings to be made under seal (or with redactions) the parties shall follow the process and adhere to the standards previously outlined in docket nos. 1719 and 1813, with the exception that any Party or Non-Party whose Confidential information is contained in a filing shall have seven days to inform the Filing Party whether they request any redaction or filing under seal, and by that time will provide the information required by paragraph 3 (on page 2) of docket no. 1719.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*

**DAN AARON POLSTER**

**UNITED STATES DISTRICT JUDGE**

**Dated: August 1, 2025**

-